## No. 232.

### A. E. MASSMAN BROS. *v.* FRANZ WITTUM.

1. Where a plaintiff propounds to defendant, interrogatories upon facts and articles, and defendant answers to the merits, but fails to respond to the interrogatories, and plaintiff, after the legal delays, takes such interrogatories *pro confessis;* held, that judgment upon merits is not confessed.

2. The use or purpose of interrogatories upon facts and articles, under the law, is simply to furnish or secure evidence for the day of trial, either contested or upon confirmation of default.

3. A judgment rendered, as if confessed, in a cause wherein the issue has been joined, upon the failure, simply, of defendant to respond to interrogatories upon facts and articles, will be reversed, and the cause remanded.

*Appeal from the Civil District Court. Monroe, J.*

*J. P. Hornor* and *F. W. Baker* for plaintiffs.

*Braughn, Buck & Dinkelspiel* for defendant, appellant.

ROGERS, J.—Plaintiffs, holders of a promissory note, brought suit, to which defendant, within the legal delays, filed a general denial. Plaintiffs annexed to their petition certain interrogatories on facts and articles, and defendant failing to answer, the

interrogatories were taken as confessed. Thereupon, before the trial on the merits, after issue joined, plaintiffs moved the court for judgment, as confessed, basing the motion upon failure of defendant to answer interrogatories on facts and articles.

Art. 347, C. P., authorizes plaintiff and defendant to annex either to their petition or answer such interrogatories. Art. 348, C. P., distinctly defines that interrogatories on facts and articles are questions put in writing, in the form of articles, and annexed to a petition or to an answer, to which one of the parties to the suit prays that the other be ordered to respond under oath, in order to make use of his answers *as testimony, in support of his demand, or to aid him in his defense.* Art. 354, C. P., declares the answers of the party interrogated are evidence.

Plaintiffs insist that the failure to answer and the judgment ordering the interrogatories be taken for confessed, should be considered a judicial confession, as defined by Article 2291, C. C., which says : " The judicial confession is a declaration which the party, or his special attorney in fact makes in a judicial proceeding." This means essentially a voluntary and an expressed act, which amounts to full proof, and cannot be revoked. The propounding of interrogatories is permitted in aid of the cause of a plaintiff or a defendant, by express provisions of the Code, which sets out the uses and purposes, viz : to be used as testimony to support a claim or aid a defense. The law extends no greater privilege by this form of proceeding than this.

The District Court held the views presented by plaintiffs and granted a judgment in their favor. This, in our opinion, was erroneous. The judgment is, therefore, set aside, and the case remanded to the lower court for further proceedings, according to law, appellee paying costs of this Court, the costs of the District Court to abide the final judgment on the merits.